United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-60202
Summary Calendar

TERESA SANCHEZ,

                                        Petitioner,

        versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

                                        Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78-600-719

Before GARWOOD, DEMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

        Teresa Sanchez petitions for review of an order of the Board
of Immigration Appeals (BIA) affirming the Immigration Judge's
decision to deny her application for asylum and withholding of
removal under the Immigration and Nationality Act.  She argues that
the BIA erred in determining that she was not persecuted based upon
her being in a particular social group.

        This court will uphold the findings that an alien is not

_____

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

eligible for asylum or withholding if those findings are supported by substantial evidence. *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994). Under this standard, the BIA's determination will be affirmed unless the "evidence compels a contrary conclusion." *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996).

The Immigration Judge determined that Sanchez had not shown that the persecution by members of the M-19 terrorist group was based on her membership in the Liberal Party of Colombia. There is no evidence that M-19 knew or believed that Sanchez was a member of the Liberal Party. The evidence established that the M-19 group threatened Sanchez, not due to her membership in the Liberal Party, but due to her refusal to comply with their demand that she grant work release to certain prisoners who were members of the M-19 group. Sanchez has not shown that the evidence compels a contrary conclusion. *See id*.

Sanchez also argues that she and her son were persecuted as a family by the M-19 group. The evidence presented to the BIA does not compel the conclusion that Sanchez was persecuted on account of her family relationship. *See id*.

Sanchez further argues that she was persecuted by the M-19 group based on her membership in the group of "former Colombian government officials who have refused to comply with demands made by insurgents." The evidence presented to the BIA established that she was persecuted based on her refusal to comply with the demands

2

of the M-19 group, and not based on her status as a former government official. She has not shown that the evidence compels a contrary conclusion. *See id.*

The Immigration Judge also determined that Sanchez had not shown that she was entitled to asylum based on the extortion or attempt to recruit her son by the Revolutionary Armed Forces of Colombia (FARC), a Colombian guerilla group. There is no evidence FARC was aware Sanchez's, or her son's, political opinion or was motivated by any protected ground respecting Sanchez or her son. Neither extortion nor forced recruitment constitutes persecution based on the victim's political beliefs or membership in a particular social group. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482-83 (1992) (forced recruitment is not persecution based on victim's political beliefs).

Because Sanchez has not shown a well-founded fear of persecution on account of any ground protected by the INA as required for asylum, she also has not shown a clear probability of persecution as required by the more stringent standard for withholding of deportation. *See Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994).

PETITION DENIED.